# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY R. BISHOP,<br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 1:17-CV-363-PRC<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on (1) a Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 20], filed by Plaintiff Ashley R. Bishop on August 31, 2018, and (2) a Supplemental Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 30], filed by Plaintiff on October 5, 2018.

On August 23, 2017, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying her disability insurance benefits. On January 2, 2018, Plaintiff filed an opening brief. On February 7, 2018, the Commissioner filed a response, and on March 20, 2018, Plaintiff filed a reply. On August 14, 2018, the Court granted Plaintiff's request for remand.

In the instant Motion for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $21,453.30 for 108.90 hours of attorney work at an hourly rate of $197.00. On September 21, 2018, the Commissioner filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and asking the Court to reduce the request to 66 hours. Plaintiff filed a reply on October 5, 2018. The same date, Plaintiff also filed a Supplemental Motion for EAJA Fees in the amount of $3,378.55 for 17.15 hours spent drafting the reply brief in support of the original motion for EAJA fees. The Commissioner did not file a

response to the supplemental motion, and the time to do so has passed. In total, the fee amount requested by Plaintiff is $24,831.85.

Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id*. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434 and citing 28 U.S.C. § 2412(d)(1)(C))). The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. In exercising its discretion in determining whether requested hours have been reasonably billed, a court considers a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Hensley*, 461 U.S. at 434-37.

The Commissioner opposes as unreasonable the 108.90 hours of attorney work sought by Plaintiff in this matter, asserting that the number of hours is excessive. (ECF 26, p. 2). The Commissioner contends that the highest total hours for a case in this District that was not appealed to the Seventh Circuit Court of Appeals was 87.90 hours in *Verlee v. Colvin*, No. 1:12-CV-45, 2013 WL 6063243, at *8 (N.D. Ind. Nov. 18, 2013), with the next highest number of hours at 79.10 in *Kinsey v. Berryhill*, 2:16-CV-69, 2017 WL 3405478, at *1 (N.D. Ind. August 9, 2017). The Commissioner argues that 108.90 hours is not in line with what an attorney would properly bill a client for similar work and, thus, that the number of hours is unreasonable. Plaintiff acknowledges

2

that the hours spent by her attorney on the appeal in this case were higher than average but nevertheless argues that the fees requested are appropriate, noting that the attorney achieved an "excellent" result for Plaintiff because the Court remanded on all five bases presented by Plaintiff. Indeed, Plaintiff's attorney demonstrated to the Court that the ALJ's decision was a collection of findings unsupported by substantial evidence or contrary to law.

First, the Commissioner argues that 16.95 hours to review the administrative record and 24.75 hours to draft the statement of facts is unreasonable because the same attorney handled Plaintiff's case before the Appeals Council. However, almost a year and a half passed between the submission to the Appeals Council in August 2016 and the attorney's review of the file for the federal court proceedings in December 2017.

The Commissioner also notes that the record was 840 pages long, contending that this is slightly above average based on the Commissioner's calculation of the average record in the Northern and Southern Districts of Indiana as 798 pages long. The Commissioner notes that the fact section of Plaintiff's brief was only six pages, and thus, counsel has not made a good faith effort to exclude excessive hours. *See* (ECF 13). Acknowledging that the record in this case is only somewhat beyond average length, Plaintiff nevertheless argues that, in reviewing the record and drafting the facts, her attorney prepared detailed summaries of the treating records, which took more time than usual because of the ALJ's "extreme 'cherry-picking'" of the record. Plaintiff explains that much of the work that her attorney did to draft the six-page fact section was not ultimately contained in the brief itself but rather was work done behind the scenes to review and summarize the facts to best present them in the brief. Plaintiff has attached her attorney's working documents to justify the submitted time. Plaintiff further explains her attorney's rationale for how the opening brief was

drafted to balance the shorter fact section with the analysis of specific facts in the argument section, all within the 25-page limit for opening briefs. No reduction of the hours spent reviewing the record and drafting the fact section is warranted.

Second, the Commissioner argues that it is unreasonable to submit 22.4 hours for drafting five arguments, especially given that three of the five arguments made to this Court were also made to the Appeals Council, namely that (1) the ALJ improperly evaluated Bishop's symptom testimony, (2) the ALJ improperly evaluated the opinion of Brian Warner, and (3) the ALJ failed to account for Bishop's moderate limitations in concentration, persistence, or pace. The Commissioner notes that of these three arguments, Plaintiff seeks 14.3 hours for the first argument involving symptom testimony, which covered six pages but only seeks .55 hours for an argument that spans four pages. The Commissioner also argues that the other two arguments, although not common, are not novel or unique. The Commissioner contends that, as an experienced attorney, counsel for Plaintiff should be efficient in briefing and reasonable in the amount of time actually billed to the client.

Plaintiff explains that, to make the fact-specific arguments in her brief, her attorney "mined the record" to find evidence that was contrary to the ALJ's key findings, cited and analyzed thirteen cases from the Seventh Circuit Court of Appeals, and explained how the ALJ's findings were contrary to the holdings in those cases as well as two Social Security Rulings. Plaintiff retorts that the Commissioner cannot expect her attorney to do "just enough" to win because to do so may result in a loss. Indeed, on the first of the five issues raised in Plaintiff's appeal, Plaintiff identified the four reasons given by the ALJ for discounting Plaintiff's testimony regarding her symptoms and argued that each was a selective review by the ALJ because the ALJ did not discuss evidence that was unfavorable to the ultimate decision. In the argument section of her opening brief, Plaintiff gave a

4

detailed factual analysis of the records relevant to each of the ALJ's four points. Ultimately, the Court addressed all five arguments raised by Plaintiff and found in Plaintiff's favor on all five bases. The Court finds no basis for reducing the hours spent on the opening brief in this highly fact-intensive case.

Finally, the Commissioner criticizes the 38.05 hours billed for drafting the reply brief, of which 14.3 hours is billed for the same or similar discussion presented in the opening brief regarding the symptom testimony argument. Also, 9 hours is billed on the fourth argument regarding whether the ALJ properly evaluated the state agency reviewer's opinions. The Commissioner argues that this number of hours is not reasonable and would not be billed to one's client. The Court agrees, in light of the significant time that was spent drafting the opening brief as well as the relatively limited scope of the Commissioner's response brief. In *Verlee v. Colvin*, cited by the Commissioner, the plaintiff sought fees for 100.8 hours of work performed by two attorneys in the federal court proceedings, with a 600-page record and medical issues that were not unusually complex. 2013 WL 6063243, at *8. In that case, the decision was made as a report and recommendation; therefore, there was also a third brief submitted by Plaintiff to object to the report and recommendation for which the plaintiff sought 27.9 hours. There was also extensive argument by the plaintiff that the ALJ's decision violated the Free Exercise Clauses under the First Amendment to the United States Constitution. *Id*. The court recognized that the opening brief was thorough, advancing four different arguments; however, three of the four arguments ultimately had little merit, suggesting that the attorney spent too much time pursuing unnecessarily complex arguments. *Id*. at *9. The court found that 36.4 hours for the opening brief, although high, did not warrant a reduction. *Id*. The court noted that the total hours spent, minus the time objecting to the report and recommendation and in defending the fee

application, totaled 59.7, which was reasonable. *Id*. However, the Court found the 27.9 hours objecting to the report and recommendation excessive, considering counsel had already spent a significant amount of time researching the same issue for the opening brief. *Id*. at 10. The court reduced the hours preparing the objections from 27.9 to 15, with the total hours, including the briefing of the fee petition, totaling 87.9 hours. *Id*.

Although there was no report and recommendation in this instance, the court finds the same reasoning persuasive in relation to Plaintiff's reply brief. The Commissioner did not provide an extensive or complex response brief, often repeating the ALJ's reasoning without further analysis and without addressing the arguments in Plaintiff's opening brief. Although the Plaintiff's reply thoroughly addressed the arguments and case law that were raised by the Commissioner, the reiteration of the arguments from Plaintiff's opening brief did not require extensive revisions. Therefore, the Court reduces the time spent on the Plaintiff's substantive reply brief from 38.05 to 19. *See also Parker v. Berryhill*, No. 2:15-CV-316, 2017 WL 1405357, at *3 (N.D. Ind. Apr. 20, 2017) (reducing the hours requested by 20 hours). This brings the total number of hours for the briefing of the appeal to 89.85, for a total fee award of $17,700.45 at an hourly rate of $197.00.

Finally, in the Supplemental Motion, Plaintiff asks for an additional $3,378.55 for drafting the reply brief on the instant motion to defend the EAJA fee. Plaintiff's reply brief was the only opportunity to defend against the Commissioner's request that the Court significantly reduce the number of attorney hours requested by Plaintiff. The Commissioner has not filed an objection to this request. Therefore, the Court grants the request for an additional $3,378.55 for drafting the reply brief on the instant motion for fees. This brings the total fee award to $21,079.00.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** with relief different than requested the Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 20] and **GRANTS** the Supplemental Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 30]. The Court **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $21,079.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

So ORDERED this 22nd day of October, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT